**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

## I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

<u>Erica Duncan</u>
Plaintiff                                                    Case # _____

                                                             Judge _____

vs.

<u>Teleperformance Group Inc.</u>
Defendant

## II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

## III.    TYPE OF CASE     (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
       ☐ Business governance
       ☐ Business torts
       ☐ Environmental/Toxic tort
       ☐ Third party indemnification
       ☐ Construction defect
       ☐ Mass tort
       ☐ Negligent security
       ☐ Nursing home negligence
       ☐ Premises liability—commercial
       ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
       ☐ Commercial foreclosure
       ☐ Homestead residential foreclosure
       ☐ Non-homestead residential foreclosure
       ☐ Other real property actions

☐ Professional malpractice
       ☐ Malpractice—business
       ☐ Malpractice—medical
       ☐ Malpractice—other professional
☒ Other
       ☐ Antitrust/Trade regulation
       ☐ Business transactions
       ☐ Constitutional challenge—statute or ordinance
       ☐ Constitutional challenge—proposed amendment
       ☐ Corporate trusts
       ☒ Discrimination—employment or other
       ☐ Insurance claims
       ☐ Intellectual property
       ☐ Libel/Slander
       ☐ Shareholder derivative action
       ☐ Securities litigation
       ☐ Trade secrets
       ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
      ☐ Residential Evictions
      ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**     **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.**     **NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

  <u>4</u>

**VI.**     **IS THIS CASE A CLASS ACTION LAWSUIT?**
      ☐ yes
      ☒ no

**VII.**     **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
      ☒ no
      ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**     **IS JURY TRIAL DEMANDED IN COMPLAINT?**
      ☒ yes
      ☐ no

**IX.**     **DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
      ☐ yes
      ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Daniel Harrison Hunt</u>        Fla. Bar # <u>121247</u>
      Attorney or party                (Bar # if attorney)

<u>Daniel Harrison Hunt</u>              <u>06/19/2023</u>
  (type or print name)             Date

IN THE CIRCUIT COURT FOR THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAM-DADE COUNTY, FLORIDA

ERICA DUNCAN,

      Plaintiff,

v.                                      CASE NO.:

TELEPERFORMANCE GROUP, INC.,
 a Foreign Profit Corporation,

      Defendants.

_____/

## COMPLAINT

The Plaintiff, **ERICA DUNCAN** (hereinafter "Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, **TELEPERFORMACNE GROUP, INC.** (hereinafter "Defendant"), and in support states as follows:

### JURISDICTION AND VENUE

1.     This is an action by the Plaintiff for damages exceeding $50,000, excluding attorney fees or costs, pursuant to the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, *et seq*. ("FCRA") to redress injuries resulting from Defendants unlawful, discriminatory treatment of Plaintiff based on Race, Color and Sex and for Retaliation as well as the Florida Common Law cause of action for Breach of Contract.

2.     This Court has jurisdiction of the claims herein pursuant to the Florida Civil Rights Act and under Florida Common Law.

3.     The venue of this action is properly placed in Miami Dade County because the Defendant principle address is 1601 Washington Ave, Suite 400, Miami Beach, Miami Dade County, Florida, within the jurisdiction of this Honorable Court.

1

4.      The Defendant is a Foreign Profit Corporation authorized to conduct business in the State of Florida and having its main place of business in Miami Dade County, Florida.

5.      Defendant is a covered employer pursuant to Florida Statutes § 760.02(7) as Defendant is and was employing 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

6.      Plaintiff is a covered employee for purposes of the Florida Civil Rights.

## GENERAL ALLEGATIONS

7.      Plaintiff is a Black African American Female and as such, part of a protected class of race, color and sex under the FCRA.

8.      Plaintiff worked for Defendant based on an offer letter dated and signed on March 17, 2022.  Plaintiff is only in possession of the first page of this offer letter.  **Exhibit A**.

9.      Plaintiff worked for Defendant through June 28, 2022 earning $15 per hour on a full time plus basis.

10.      Plaintiff was terminated during her training.

11.      Plaintiff worked for Defendant assigned to the General Motors Contract to do work from home based customer service.

12.      Plaintiff was told by co-workers and management that she should not be working this type of job and that she was nothing but a housekeeper.  These comments were made because she is black.

13.      Plaintiff was also told by co-workers that these comments were in part made because she was female.

2

14.     There were 19 other trainees in her classroom online and no other non-black employees were treated in this abusive and disrespectful discriminatory manner by each other or management/trainers.

15.     These behaviors against Plaintiff were done while there were at least 4-5 other governing agents, supervisors and managers present.

16.     Plaintiff complained to her supervisor and to HR.  Specifically she complained to Jamie Dahl and Sabra Irving.

17.     Subsequent to these complaints, plaintiff's abuse and mistreatment escalated and raised the level and amount of discrimination she was subject to because of her race, color and sex.

18.     Plaintiff was told by her manager that she should get a lawyer and sue the company for their failure to take action. Plaintiff contends that this is an admission of liability.

19.     Defendant failed to take any action after Plaintiff's complaints to correct the illegal behavior.

20.     In fact, the company refused to even formally take the complaints or put them in writing.

21.     Management decided to get rid of plaintiff in retaliation for her complaints.

22.     Around June 9, 2022, Plaintiff contracted Covid.

23.     Plaintiff took a few days off for covid and was informed that the days off would be disregarded.  **Exhibit B**.

24.      Plaintiff was subject also to her trainer kicking her out of and removing her from discussions and sessions.  Though Plaintiff complained, she was retaliated against and reprimanded for issues created by her trainers and supervisors during training.  This is in part

3

due to defendant selectively violating their own covid policy in order to retaliate against plaintiff for her complaints of sex, race and color discrimination.

25.    Plaintiff made additional complaints to Sarah Rogers and kale Cruz.

26.    The bullying and harassment because of Plaintiff's race, color and sex was so severe and unchecked that it affected her concentration and motivation.

27.    Plaintiff was told that she would be transferred to a different department due to one of her supervisors inappropriately flirting with her during the sessions and this was never done. Plaintiff complained multiple times about this embarrassing an sexually harassing behavior of the supervisor in front of all other trainees and nothing was done.

28.    After indicating that missed days due to covid would be disregarded, Defendant retaliated against Plaintiff for those missed days and used this as a reason for Terminating Plaintiff in retaliation for her complaints of discrimination.

29.    Additionally, defendant illegally refused to pay plaintiff for the following days she worked:  June 27, 28, 29, 30, July 3, 4, 5, 6, 7, 10, 11, 12, 13, August 1, 2, 3, 4, 7, 8, 9, 10, 11, and Sept 1st are all days I was not paid. Totaling 342 unpaid work hours or $5,130.00.  These paid hours are owed per contract.

30.     Plaintiff filed a timely US EEOC Charge of Discrimination with the EEOC and concurrently with the Florida Commission on Human Relations on or about September 22, 2022, Charge Number 510-2022-08215. A Right to Sue letter issued on March 21, 2023 signed by Evangeline Hawthorne, director of the EEOC and was copied to respondent Jamie Dahl at defendant's address above.  Defendant is in possession of all EEOC documents.  This complaint is being filed less than 90 days from issuance of the Right to Sue by the EEOC which was issued

more than 180 days after the Charge of Discrimination was filed and as such is well within the

1 year statue of limitations for the FCRA.

    31.    All conditions precedent for the filing of this action before this Court have been

previously met, including the exhaustion of all pertinent administrative procedures and

remedies.

## <u>COUNT I</u>
## <u>RACE AND COLOR DISCRIMINATION UNDER THE FCRA</u>

32. Plaintiff reasserts her allegations in paragraph 1-31 as if fully set forth herein.

33. Section 760.10 of the FCRA states in relevant part:

    "(1)    It is an unlawful employment practice for an employer:

        (a)    To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

    34.    The FCRA accordingly prohibits discrimination based on Race and Color.

    35.    The treatment to which Plaintiff was subjected by Defendant as set forth above

and incorporated herein, was the result of Plaintiff's race and color, which individuals outside

Plaintiff's class were not and would not have been subjected, in violation of the FCRA.

    36.    Defendant's alleged bases for its adverse conduct against Plaintiff and Plaintiff's

termination are pretextual and asserted only to cover up the discriminatory nature of its

conduct.

    37.    Even if Defendant could assert legitimate reasons for its adverse actions against

Plaintiff and Plaintiff's termination, which reasons it does not have, Plaintiff's race and color

were a significant motivating factor for Defendant's adverse conduct toward Plaintiff and

Plaintiff's termination.

38.      As a result of Defendant's willful and malicious discriminatory actions as a result of her race and color, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages and lost benefits.  Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages.  Plaintiff accordingly demands lost economic damages in the form of back pay and front pay, interest, lost benefits, and compensatory damages.

39.      Plaintiff also requests punitive damages per satute based on Defendant's intentional, willful, wanton and malicious discriminatory conduct which are authorized by statute and as such, no motion is required.

40.  Plaintiff further seeks her attorney's fees and costs as permitted by law.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court:

A.  Enter judgment for Plaintiff and against the Defendant on the basis of Defendant's willful violations of the FCRA; and

B.  Award Plaintiff compensatory damages including front pay, back pay, and lost benefits; and

C.  Award Plaintiff as to this count prejudgment interest; and

D.  Award Plaintiff damages for the amount of the costs of litigation and filing including attorney's fees; and

E.  Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to Federal Law including punitive damages.

## COUNT II
### *Gender/Sex Discrimination in Violation of the FCRA*

41.       Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-31 above as if set out in full herein.

6

42.      Plaintiff is a member of a protected class under the FCRA as she is a female.

43.      By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's gender/sex and subjected the Plaintiff to sex/gender-based animosity.

44.      Such discrimination was based upon the Plaintiff's gender in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is a female.

45.      Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.   Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's sex was unlawful but acted in reckless disregard of the law.

46.      At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

47.      Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

48.      As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

49.      The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under the law.

50.     The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to the law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

51.     Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

f.   Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

g.   Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

h.   Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

i.   Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

j.   Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

k.   Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

<u>**COUNT III**</u>
<u>**RETALIATION UNDER THE FCRA**</u>

8

46.       Plaintiff reasserts her allegations in paragraph 1-45 as if fully set forth herein.

47.       Section 760.10(7) states:

"It is an unlawful employment practice for an employer, an employment agency, a joint labor-management committee, or a labor organization to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section, or because that person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this section."

48.       The FCRA accordingly prohibits retaliation against an employee for reporting conduct which would violate the terms of the FCRA.

49.       Plaintiff's complaints of discrimination and disparate treatment were protected activities under the FCRA, for which she could not be adversely affected.

50.       Defendant's alleged bases for its adverse conduct against Plaintiff and Plaintiff's termination are pretextual and asserted only to cover up the retaliatory nature of its conduct.

51.       Even if Defendant could assert legitimate reasons for its adverse actions against Plaintiff and Plaintiff's termination, which reasons it does not have, Plaintiff's complaints of discrimination were significant motivating factors for Defendant's adverse conduct toward Plaintiff and Plaintiff's termination.

52.       As a result of Defendant's retaliatory actions, and its willful and malicious discharge of Plaintiff's employment as a result of complaints of discrimination, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages and lost benefits.  Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages.  Plaintiff accordingly demands lost economic damages in the form of back pay and front pay, interest, lost benefits, and compensatory damages.

53.     Plaintiff also requests punitive damages per statute based on Defendant's intentional, willful, wanton and malicious retaliatory conduct.

54.     Plaintiff further seeks her attorney's fees and costs as permitted by law.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court:

L.  Enter judgment for Plaintiff and against the Defendant on the basis of Defendant's willful violations of the FCRA; and

M.  Award Plaintiff compensatory damages including front pay, back pay, and lost benefits; and

N.  Award Plaintiff as to this count prejudgment interest; and

O.  Award Plaintiff damages for the amount of the costs of litigation and filing including attorney's fees; and

P.  Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to State Law including punitive damages.

## <u>COUNT IV</u>
### *Breach of Written and Oral Contract/Agreement*

55.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 31 of this complaint as if set out in full herein.

56.     Defendant breached its written and oral agreements with Plaintiff by failing to pay all hours promised to Plaintiff for training under their agreement, specifically she was guaranteed hours that were not paid through the end of her training and she was not allowed to complete the training due to defendant's illegal behavior.

57.     Plaintiff suffered damages as a result of Defendants' breach of said agreement.

WHEREFORE, Plaintiff seeks damages from Defendants for breach of agreement, exclusive of pre-judgment interest and costs and any and all other relief that this Honorable Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on each of her above claims.

Date:  June 19, 2023

Respectfully submitted,

*/s/ Daniel H. Hunt*

Daniel H. Hunt, Esq.
Florida Bar No.: 121247
PO BOX 565096
Miami, FL 33256
dhuntlaw@gmail.com
Telephone: (305) 495-5593
Facsimile: (305) 513-5723

Attorney for Plaintiff

11

# EXHIBIT A

 Teleperformance
each interaction matters

**March 17, 2022**

Erica Duncan

Dear **Erica Duncan**,

Welcome to Teleperformance! On behalf of Teleperformance, I would like to express our excitement in having you join us in the position of **Warren CAC UPA**. This document serves as your formal offer letter of employment, it supersedes all previous offers. Please review the terms below and contact **Israel Conerly IzzyTheRecruiter@gmail.com** with any questions.

**Salary:**
You will be compensated at **USD $15.00** per hour during training and **USD $15.00/Hr.** upon the completion of training as you move into production, payable in accordance with the Company's standard payroll policies. All work performed between the 1st of the month and the 15th will be paid on the 22nd. All work performed between the 16th and end of the month will be paid on the 7th of the following month.

**Effective Date:**
As discussed, your anticipated start date is set for **April 4, 2022**. On or before your first day of employment, you will be required to furnish evidence of eligibility to work in the United States.

**Benefits:**
On your first day of employment, you will be eligible to accrue PTO at the rate specified by the current PTO policy. On the first of the month following 60 days of employment, you will be eligible for health and welfare benefits. Enrollment for benefits will begin upon hire and will end the day prior to the effective date. You are eligible to enroll in Teleperformance's 401(k) savings plan on the first day of the quarter following your 90-day employment anniversary.

**At-Will Employment:**
Your employment with Teleperformance will always be "at-will". This means, both you and the company have the right to terminate your employment at any time, with or without cause or prior notice.

**Offer Contingent upon Required Documents and Verification:**
As a condition of accepting this offer of employment, you will be required to truthfully and accurately complete, sign and return the following to Teleperformance prior to your first day of commencing employment:
Application for Employment
Acceptance of this Offer Letter
All New Hire Documents in Candidate Onboarding Communication

Additionally, this offer of employment is contingent upon verification of information included in your application of employment, proof of U.S. Citizenship or other paperwork evidencing legal right to work in the U.S., successful results from applicable background and/or credit screening and drug screening tests, if required.

**Onboarding Experience:**

During your onboarding experience you will have a dedicated CARE team that will be supporting your onboarding needs related to the following components:

- Class Information
- Equipment
- Tech Check
- General questions/needs

## PRODUCTION SCHEDULE

Sat & Sun: OFF

Mon - Fri: 08:00 – 17:00 Eastern Time

Please reach out to out to our CARE team with any questions/concerns. This team can be reached via the following methods:

Email: CARETeam@teleperformanceusa.com

Chat Room: CARE Team Chat Room

Phone: 1-800-241-7931

You can expect a phone call from our CARE team, when you see this come across your caller ID, "TPUSA Inc, Salt Lake City, UT", we promise – it's safe, please pick up!

**Call Monitoring:**

I understand and agree that part of my duties require assisting customers via phone and or chat/email and that these customer assistance interactions will be recorded and/or monitored for quality assurance.

I hereby acknowledge that I accept this offer of employment commencing on March 14, 2022.

Sincerely,

**Israel Conerly**

# EXHIBIT B



🔒 mail.yahoo.com

←

To eski2005@yahoo.com & 1 more

Jun 9 at 3:13 PM

🖉 2 attachments

Hi Erica,

Per our phone call, below is our Covid policies/procedures. We wish you a speedy recovery!

• Illnesses related to <u>COVID will be treated as other call outs</u> for work at home team members' illnesses.
• Following normal practices, team members should call out each day that they are unable to work. Call out <u>#877-877-3944</u> See process at <u>https://wiki.teleperformanceusa.com/index.php?title=Call_Off_Process</u>
• **If a team member is unable to work for 5 or more consecutive days, they can request an Leave of Absence (LOA)**.

• Any attendance points accumulated for missing work related to COVID will be overlooked by leadership.

Thank you,


Delete


Move to


Forward


Reply


More

Filing # 175915724 E-Filed 06/22/2023 01:46:28 PM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

**ERICA DUNCAN,**

      Plaintiff(s),

Case No: 2023-018387-CA-01

v.

**TELEPERFORMACNE GROUP, INC.,**
a Foreign Profit Corporation,

      Defendant.

_____/

### SUMMONS IN A CIVIL CASE

**TO:** TELEPERFORMANCE GROUP, INC. through its Registered Agent C T CORPORATION SYSTEM:

        TELEPERFORMANCE GROUP, INC.
        1200 SOUTH PINE ISLAND ROAD
        PLANTATION, FL 33324

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

        DANIEL H. HUNT, ESQ.
        P.O. BOX 565096
        MIAMI, FL 33256

an answer to the complaint which is herewith served upon you, within **21 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____
CLERK                   DATE

_____
(BY) DEPUTY CLERK

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

**ERICA DUNCAN,**

      Plaintiff(s),

      Case No: 2023-018387-CA-01

v.

**TELEPERFORMACNE GROUP, INC.,**
a Foreign Profit Corporation,

      Defendant.

_____/

### SUMMONS IN A CIVIL CASE

**TO:** TELEPERFORMANCE GROUP, INC. through its Registered Agent C T CORPORATION SYSTEM:

           TELEPERFORMANCE GROUP, INC.
           1200 SOUTH PINE ISLAND ROAD
           PLANTATION, FL 33324

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

           DANIEL H. HUNT, ESQ.
           P.O. BOX 565096
           MIAMI, FL 33256

an answer to the complaint which is herewith served upon you, within **21 days** after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Juan Fernandez-Barquin,
Clerk of the Court and Comptroller      7/6/2023
_____
CLERK                     DATE

_d. Honers_  213971
_____
(BY) DEPUTY CLERK

IN THE CIRCUIT COURT FOR THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAM-DADE COUNTY, FLORIDA

ERICA DUNCAN,

      Plaintiff,

v.                             CASE NO.:  2023-018387-CA-01

TPUSA, INC,
 a Foreign Profit Corporation,

      Defendants.

_____/

## COMPLAINT

The Plaintiff, **ERICA DUNCAN** (hereinafter "Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, **TPUSA, INC.** (hereinafter "Defendant"), and in support states as follows:

### JURISDICTION AND VENUE

1.      This is an action by the Plaintiff for damages exceeding $50,000, excluding attorney fees or costs, pursuant to the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, *et seq*. ("FCRA") to redress injuries resulting from Defendants unlawful, discriminatory treatment of Plaintiff based on Race, Color and Sex and for Retaliation as well as the Florida Common Law cause of action for Breach of Contract.

2.      This Court has jurisdiction of the claims herein pursuant to the Florida Civil Rights Act and under Florida Common Law.

3.      The venue of this action is properly placed in Miami Dade County because the Defendant Miami address is 1601 Washington Ave, Suite 400, Miami Beach, Miami Dade County, Florida, within the jurisdiction of this Honorable Court.

1

4.      The Defendant is a Foreign Profit Corporation authorized to conduct business in the State of Florida and having its main place of business in Miami Dade County, Florida.

5.      Defendant is a covered employer pursuant to Florida Statutes § 760.02(7) as Defendant is and was employing 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

6.      Plaintiff is a covered employee for purposes of the Florida Civil Rights.

## **GENERAL ALLEGATIONS**

7.      Plaintiff is a Black African American Female and as such, part of a protected class of race, color and sex under the FCRA.

8.      Plaintiff worked for Defendant based on an offer letter dated and signed on March 17, 2022.  Plaintiff is only in possession of the first page of this offer letter.  **Exhibit A**.

9.      Plaintiff worked for Defendant through June 28, 2022 earning $15 per hour on a full time plus basis.

10.      Plaintiff was terminated during her training.

11.      Plaintiff worked for Defendant assigned to the General Motors Contract to do work from home based customer service.

12.      Plaintiff was told by co-workers and management that she should not be working this type of job and that she was nothing but a housekeeper.  These comments were made because she is black.

13.      Plaintiff was also told by co-workers that these comments were in part made because she was female.

14.     There were 19 other trainees in her classroom online and no other non-black employees were treated in this abusive and disrespectful discriminatory manner by each other or management/trainers.

15.     These behaviors against Plaintiff were done while there were at least 4-5 other governing agents, supervisors and managers present.

16.     Plaintiff complained to her supervisor and to HR.  Specifically she complained to Jamie Dahl and Sabra Irving.

17.     Subsequent to these complaints, plaintiff's abuse and mistreatment escalated and raised the level and amount of discrimination she was subject to because of her race, color and sex.

18.     Plaintiff was told by her manager that she should get a lawyer and sue the company for their failure to take action. Plaintiff contends that this is an admission of liability.

19.     Defendant failed to take any action after Plaintiff's complaints to correct the illegal behavior.

20.     In fact, the company refused to even formally take the complaints or put them in writing.

21.     Management decided to get rid of plaintiff in retaliation for her complaints.

22.     Around June 9, 2022, Plaintiff contracted Covid.

23.     Plaintiff took a few days off for covid and was informed that the days off would be disregarded.   **Exhibit B**.

24.      Plaintiff was subject also to her trainer kicking her out of and removing her from discussions and sessions.   Though Plaintiff complained, she was retaliated against and reprimanded for issues created by her trainers and supervisors during training.  This is in part

due to defendant selectively violating their own covid policy in order to retaliate against plaintiff for her complaints of sex, race and color discrimination.

25.     Plaintiff made additional complaints to Sarah Rogers and kale Cruz.

26.     The bullying and harassment because of Plaintiff's race, color and sex was so severe and unchecked that it affected her concentration and motivation.

27.     Plaintiff was told that she would be transferred to a different department due to one of her supervisors inappropriately flirting with her during the sessions and this was never done. Plaintiff complained multiple times about this embarrassing an sexually harassing behavior of the supervisor in front of all other trainees and nothing was done.

28.     After indicating that missed days due to covid would be disregarded, Defendant retaliated against Plaintiff for those missed days and used this as a reason for Terminating Plaintiff in retaliation for her complaints of discrimination.

29.     Additionally, defendant illegally refused to pay plaintiff for the following days she worked:  June 27, 28, 29, 30, July 3, 4, 5, 6, 7, 10, 11, 12, 13, August 1, 2, 3, 4, 7, 8, 9, 10, 11, and Sept 1st are all days I was not paid. Totaling 342 unpaid work hours or $5,130.00.  These paid hours are owed per contract.

30.      Plaintiff filed a timely US EEOC Charge of Discrimination with the EEOC and concurrently with the Florida Commission on Human Relations on or about September 22, 2022, Charge Number 510-2022-08215. A Right to Sue letter issued on March 21, 2023 signed by Evangeline Hawthorne, director of the EEOC and was copied to respondent Jamie Dahl at defendant's address above.  Defendant is in possession of all EEOC documents.  This complaint is being filed less than 90 days from issuance of the Right to Sue by the EEOC which was issued

more than 180 days after the Charge of Discrimination was filed and as such is well within the 1 year statue of limitations for the FCRA.

31.     All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## COUNT I
## RACE AND COLOR DISCRIMINATION UNDER THE FCRA

32. Plaintiff reasserts her allegations in paragraph 1-31 as if fully set forth herein.

33. Section 760.10 of the FCRA states in relevant part:

"(1)     It is an unlawful employment practice for an employer:

(a)     To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

34.     The FCRA accordingly prohibits discrimination based on Race and Color.

35.     The treatment to which Plaintiff was subjected by Defendant as set forth above and incorporated herein, was the result of Plaintiff's race and color, which individuals outside Plaintiff's class were not and would not have been subjected, in violation of the FCRA.

36.     Defendant's alleged bases for its adverse conduct against Plaintiff and Plaintiff's termination are pretextual and asserted only to cover up the discriminatory nature of its conduct.

37.     Even if Defendant could assert legitimate reasons for its adverse actions against Plaintiff and Plaintiff's termination, which reasons it does not have, Plaintiff's race and color were a significant motivating factor for Defendant's adverse conduct toward Plaintiff and Plaintiff's termination.

38.       As a result of Defendant's willful and malicious discriminatory actions as a result of her race and color, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages and lost benefits.  Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages.  Plaintiff accordingly demands lost economic damages in the form of back pay and front pay, interest, lost benefits, and compensatory damages.

39.       Plaintiff also requests punitive damages per statute based on Defendant's intentional, willful, wanton and malicious discriminatory conduct which are authorized by statute.

40.  Plaintiff further seeks her attorney's fees and costs as permitted by law.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court:

A.  Enter judgment for Plaintiff and against the Defendant on the basis of Defendant's willful violations of the FCRA; and

B.  Award Plaintiff compensatory damages including front pay, back pay, and lost benefits; and

C.  Award Plaintiff as to this count prejudgment interest; and

D.  Award Plaintiff damages for the amount of the costs of litigation and filing including attorney's fees; and

E.  Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to Federal Law including punitive damages.

## <u>COUNT II</u>
### *Gender/Sex Discrimination in Violation of the FCRA*

41.       Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-31 above as if set out in full herein.

42.        Plaintiff is a member of a protected class under the FCRA as she is a female.

43.        By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's gender/sex and subjected the Plaintiff to sex/gender-based animosity.

44.        Such discrimination was based upon the Plaintiff's gender in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is a female.

45.        Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.   Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's sex was unlawful but acted in reckless disregard of the law.

46.        At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

47.        Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

48.        As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

49.        The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under the law.

50.     The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to the law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

51.     Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

F.   Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

G.   Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

H.   Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

I.   Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

J.   Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

K.   Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
## RETALIATION UNDER THE FCRA

52. Plaintiff reasserts her allegations in paragraph 1-45 as if fully set forth herein.

53.         Section 760.10(7) states:

> "It is an unlawful employment practice for an employer, an employment
> agency, a joint labor-management committee, or a labor organization to
> discriminate against any person because that person has opposed any
> practice which is an unlawful employment practice under this section, or
> because that person has made a charge, testified, assisted, or participated
> in any manner in an investigation, proceeding, or hearing under this
> section."

54.         The FCRA accordingly prohibits retaliation against an employee for reporting

conduct which would violate the terms of the FCRA.

55.         Plaintiff's complaints of discrimination and disparate treatment were protected

activities under the FCRA, for which she could not be adversely affected.

56.         Defendant's alleged bases for its adverse conduct against Plaintiff and Plaintiff's

termination are pretextual and asserted only to cover up the retaliatory nature of its conduct.

57.         Even if Defendant could assert legitimate reasons for its adverse actions against

Plaintiff and Plaintiff's termination, which reasons it does not have, Plaintiff's complaints of

discrimination were significant motivating factors for Defendant's adverse conduct toward

Plaintiff and Plaintiff's termination.

58.         As a result of Defendant's retaliatory actions, and its willful and malicious

discharge of Plaintiff's employment as a result of complaints of discrimination, Plaintiff has

experienced and will continue to experience significant financial and economic loss in the form

of lost wages and lost benefits.  Plaintiff has also experienced and will continue to experience

emotional anguish, pain and suffering and loss of dignity damages.  Plaintiff accordingly

demands lost economic damages in the form of back pay and front pay, interest, lost benefits, and compensatory damages.

59.     Plaintiff also requests punitive damages per statute based on Defendant's intentional, willful, wanton and malicious retaliatory conduct.

60.     Plaintiff further seeks her attorney's fees and costs as permitted by law.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court:

L.  Enter judgment for Plaintiff and against the Defendant on the basis of Defendant's willful violations of the FCRA; and

M.  Award Plaintiff compensatory damages including front pay, back pay, and lost benefits; and

N.  Award Plaintiff as to this count prejudgment interest; and

O.  Award Plaintiff damages for the amount of the costs of litigation and filing including attorney's fees; and

P.  Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to State Law including punitive damages.

## <u>COUNT IV</u>
### *Breach of Written and Oral Contract/Agreement*

61. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 31 of this complaint as if set out in full herein.

62.     Defendant breached its written and oral agreements with Plaintiff by failing to pay all hours promised to Plaintiff for training under their agreement, specifically she was guaranteed hours that were not paid through the end of her training and she was not allowed to complete the training due to defendant's illegal behavior.

63.     Plaintiff suffered damages as a result of Defendants' breach of said agreement.

WHEREFORE, Plaintiff seeks damages from Defendants for breach of agreement, exclusive of pre-judgment interest and costs and any and all other relief that this Honorable Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on each of her above claims.

Date:  July 11, 2023                                    Respectfully submitted,

_/s/  Daniel H. Hunt_

Daniel H. Hunt, Esq.
Florida Bar No.: 121247
PO BOX 565096
Miami, FL 33256
dhuntlaw@gmail.com
Telephone: (305) 495-5593
Facsimile: (305) 513-5723

Attorney for Plaintiff

11

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 11, 2023 the undersigned counsel has electronically filed the foregoing document with the Clerk of Court using the Florida Courts E-filing Portal. I also certify that the foregoing document is being served on this day on all counsel of record or pro se parties, either via electronic transmission of Notices generated by the Florida Courts E-filing Portal or in some other authorized manner for those counsel or parties who are not authorized to receive such Notices.

By: */s/ Daniel H. Hunt, Esq.*
       Daniel H. Hunt, Esq.
       Florida Bar No. 121247

## SERVICE LIST

Ana C. Dowell, Esq.
Eric Gordeon, Esq.
Akerman LLP
777 S Flagler Dr Ste 1100
West Palm Beach, FL 33401-6161
Office: 561-653-5000
Cell: 561-653-5000
Fax: 561-659-6313D: 404 733 9810
ana.dowell@akerman.com
eric.gordon@akerman.com

12

# EXHIBIT A



March 17, 2022

Erica Duncan


Dear **Erica Duncan**,

Welcome to Teleperformance! On behalf of Teleperformance, I would like to express our excitement in having you join us in the position of **Warren CAC UPA**. This document serves as your formal offer letter of employment, it supersedes all previous offers. Please review the terms below and contact **Israel Conerly IzzyTheRecruiter@gmail.com**  with any questions.

### Salary:
You will be compensated at **USD $15.00** per hour during training and **USD $15.00/Hr.** upon the completion of training as you move into production, payable in accordance with the Company's standard payroll policies. All work performed between the 1st of the month and the 15th will be paid on the 22nd. All work performed between the 16th and end of the month will be paid on the 7th of the following month.

### Effective Date:
As discussed, your anticipated start date is set for **April 4, 2022**. On or before your first day of employment, you will be required to furnish evidence of eligibility to work in the United States.

### Benefits:
On your first day of employment, you will be eligible to accrue PTO at the rate specified by the current PTO policy. On the first of the month following 60 days of employment, you will be eligible for health and welfare benefits. Enrollment for benefits will begin upon hire and will end the day prior to the effective date. You are eligible to enroll in Teleperformance's 401(k) savings plan on the first day of the quarter following your 90-day employment anniversary.

### At-Will Employment:
Your employment with Teleperformance will always be "at-will". This means, both you and the company have the right to terminate your employment at any time, with or without cause or prior notice.

### Offer Contingent upon Required Documents and Verification:
As a condition of accepting this offer of employment, you will be required to truthfully and accurately complete, sign and return the following to Teleperformance prior to your first day of commencing employment:
Application for Employment
Acceptance of this Offer Letter
All New Hire Documents in Candidate Onboarding Communication

Additionally, this offer of employment is contingent upon verification of information included in your application of employment, proof of U.S. Citizenship or other paperwork evidencing legal right to work in the U.S., successful results from applicable background and/or credit screening and drug screening tests, if required.

### Onboarding Experience:

During your onboarding experience you will have a dedicated CARE team that will be supporting your onboarding needs related to the following components:

- ○ Class Information
- ○ Equipment
- ○ Tech Check
- ○ General questions/needs

## PRODUCTION SCHEDULE

Sat & Sun: OFF

Mon – Fri: 08:00 – 17:00 Eastern Time

Please reach out to out to our CARE team with any questions/concerns.  This team can be reached via the following methods:

Email: CARETeam@teleperformanceusa.com

Chat Room: CARE Team Chat Room

Phone: 1-800-241-7931

You can expect a phone call from our CARE team, when you see this come across your caller ID, "TPUSA Inc, Salt Lake City, UT", we promise – it's safe, please pick up!

**Call Monitoring:**

I understand and agree that part of my duties require assisting customers via phone and or chat/email and that these customer assistance interactions will be recorded and/or monitored for quality assurance.

I hereby acknowledge that I accept this offer of employment commencing on March 14, 2022.

Sincerely,

**Israel Conerly**

# EXHIBIT B

🔒 mail.yahoo.com



To csk2005@yahoo.com & 1 more

Jun 9 at 3:13 PM

🔗 2 attachments

Hi Erica,

Per our phone call, below is our Covid policies/procedures. We wish you a speedy recovery!

• Illnesses related to <u>COVID will be treated as other call outs</u> for work at home team members' illnesses.
• Following normal practices, team members should call out each day that they are unable to work. Call out #<u>877-877-3944</u> See process at <u>https://wiki.teleperformanceusa.com/index.php?title=Call_Off_Process</u>
**• If a team member is unable to work for 5 or more consecutive days, they can request an Leave of Absence (LOA)**.

• Any attendance points accumulated for missing work related to COVID will be overlooked by leadership.

Thank you,


Delete


Move to


Forward


Reply


More

Filing # 177683669 E-Filed 07/18/2023 03:18:53 PM

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.:  2023-018387-CA-01 (CA 15)

ERICA DUNCAN,

      Plaintiff,

vs.

TPUSA, INC.,
A Foreign Profit Corporation,

      Defendant.

_____/

## NOTICE OF APPEARANCE AS COUNSEL OF RECORD FOR DEFENDANT, TPUSA, INC. AND NOTICE OF DESIGNATION OF PRIMARY AND SECONDARY EMAIL ADDRESSES

ERIC A. GORDON, ESQ. of the law firm AKERMAN LLP, hereby gives notice of his appearance on behalf of Defendant, TPUSA, INC., and requests that copies of all motions, notices, and other pleadings heretofore or hereafter filed or served in this cause be furnished to the undersigned.

In accordance with Florida Rule of Civil Procedure 1.080 and Florida Rule of Judicial Administration 2.516, ERIC A. GORDON, ESQ. hereby designates his Primary and Secondary email addresses as listed below:

Primary Email Addresses:      eric.gordon@akerman.com
Secondary Email Addresses:   danielle.putnam@akerman.com
                                elisa.waites@akerman.com

71574410;1

Dated:      July 18, 2023                     Respectfully submitted,

                                              By: */s/ Eric A. Gordon*
                                              Eric  A. Gordon
                                              Florida Bar No. 071341
                                              **AKERMAN LLP**
                                              777 S. Flagler Drive, Suite 1100W
                                              West Palm Beach,  FL 33401
                                              Phone: (561) 653-5000
                                              Fax: (561) 659-6313
                                              Primary Email: eric.gordon@akerman.com
                                              Secondary Email: danielle.putnam@akerman.com
                                              Secondary Email: elisa.waites@akerman.com

                                              *Attorneys for Defendant, TPUSA, Inc.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 18, 2023, I electronically filed the foregoing with the Clerk of the Courts by using the Florida Courts E-Filing Portal and a correct copy of the foregoing has been furnished by Email on Plaintiff's counsel at the address listed on the following Service List.

                                              */s/ Eric A. Gordon*
                                              Eric  A. Gordon
                                              Florida Bar No. 071341

## SERVICE LIST

Daniel H. Hunt, Esq.
P.O. Box 565096
Miami, FL 33256
Tel:  (305) 495-5593
Fax: (305) 513-5723
E-mail:  dhuntlaw@gmail.com

*Attorneys for Plaintiff*

IN THE CIRCUIT COURT FOR THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAM-DADE COUNTY, FLORIDA

ERICA DUNCAN,

      Plaintiff,

v.                                                                CASE NO.:  2023-018387-CA-01

TPUSA, INC,
 a Foreign Profit Corporation,

      Defendants.

_____ /

## **<u>WAIVER OF SERVICE OF PROCESS</u>**

      I acknowledge receipt of your request that I waive service of process in the lawsuit of

*ERICA DUNCAN v. TPUSA, INC.*, Case No. 2023-018387-CA-01, in the Circuit Court for Miami-

Dade County, Florida.  I agree to save the cost of Service of Process and an additional copy of

the Complaint in this lawsuit by not requiring that TPUSA, INC. be served with judicial process

in the manner provided by Fla. R. Civ. P. 1.070.

      If I am not the Defendant to whom notice of lawsuit and Waiver of Service of Process

was sent, I declare that my relationship to the entity or person to whom the notice was sent, and

my authority to accept service on behalf of such person or entity is as follows: I am counsel for

Defendant TPUSA, Inc.

      Defendant will retain all defenses or objections to the lawsuit, or to the jurisdiction or

venue of the court, except for any objections based on a defect in the summons or in the service

of the summons.

I understand that a judgment may be entered against the party on whose behalf I am acting if a written response is not served upon you within 60 days from the date I received the notice of lawsuit and request for Waiver of Service of Process, **or September 11, 2023.**.

Respectfully submitted,

By: /s/  Eric A. Gordon
    Eric Gordon, Esq.
    Akerman LLP
    777 S Flagler Dr Ste 1100
    West Palm Beach, FL 33401-6161
    Office: 561-653-5000
    Cell: 561-653-5000
    Fax: 561-659-6313D: 404 733 9810
    ana.dowell@akerman.com
    eric.gordon@akerman.com

    Attorney for Defendant

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 26th, I electronically filed the foregoing with the Florida Court's E-filing Portal which will send a notice of electronic filing to the following:

Daniel H. Hunt, Esq.
P.O. Box 565096
Miami, FL 33256
dhuntlaw@gmial.com

/s/  Eric A. Gordon